IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BRIAN VOSSEN II,**
**Claimant Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-67**        (JCN: 2024021762)

**MARSHALL COUNTY COAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Vossen II appeals the January 23, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Marshall County Coal Resources ("MCCR") filed a response.[1] Mr. Vossen did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 5, 2024, Mr. Vossen was seen at MedExpress for right eye pain. Mr. Vossen reported that he wears contact lenses and that he was uncertain if he got something in his eye at work. He was diagnosed with a corneal ulcer and advised to go to the emergency department at Ruby Memorial Hospital. Mr. Vossen was seen at Ruby Memorial Hospital on June 5, 2024. Mr. Vossen reported that he worked in a coal mine, wears contact lenses, and thought he got something in his eye at work. Mr. Vossen further stated that he was wearing safety glasses at work, that he slept in his contacts after work, and that when he woke up, he noticed some burning in his right eye.

The Ruby Memorial Hospital Ophthalmology Initial Consult Note dated June 5, 2024, indicates that Mr. Vossen had poor contact lens hygiene and that he reported wearing monthly contacts and sleeping in them for weeks. The assessment was a right corneal ulcer.

---

[1] Mr. Vossen is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq., Bailey, Stultz & Greene, PLLC. MCCR is represented by Aimee M. Stern, Esq., Dinsmore & Shohl, LLP.

Mr. Vossen was seen on June 10, 2024, by Ayse Toker, M.D., an ophthalmologist at the WVU Eye Institute. Mr. Vossen told Dr. Toker that the previous Tuesday, he got something in his eye while at work. The assessment was a central corneal ulcer and myopia.

Mr. Vossen submitted a West Virginia Workers' Compensation Employees' and Physicians' Report of Occupational Injury or Disease dated June 11, 2024, asserting that he suffered an injury to his right eye at work on June 4, 2024. The physician's portion was signed at MedExpress dated June 13, 2024, and notes an occupational injury of dust in the right eye. The physician's portion lists an ICD-10 diagnosis code of H16.001, which refers to a corneal ulcer of the right eye. An Employer's Report of Injury dated June 12, 2024, states that Mr. Vossen sustained a right eye injury on June 11, 2024.

On June 12, 2024, Mr. Vossen followed up with Dr. Toker, who indicated that Mr. Vossen had improved. The assessment was a central corneal ulcer and myopia, unspecified laterality. A report from the WVU Eye Institute – Ophthalmology dated June 17, 2024, notes that Mr. Vossen was seen for a five-day follow-up regarding his corneal ulcer. The report indicated that a culture taken from Mr. Vossen's right eye on June 5, 2024, and a culture from the contact lens and contact lens case taken on June 10, 2024, grew the bacteria, Pseudomonas.

Mr. Vossen was seen on June 26, 2024, by Lena Chen, M.D., who removed two blue fibrous foreign bodies from Mr. Vossen's right cornea. The foreign bodies were noted as "possibly from blue bed sheets." On June 28, 2024, Mr. Vossen followed up with Dr. Chen. Mr. Vossen stated that his vision had been stable since the last visit and denied any pain/discomfort or irritation. In a progress note dated July 30, 2024, Dr. Chen indicated that Mr. Vossen was doing better with no pain or light sensitivity, that his vision seemed better, and that the corneal ulcer had resolved. A July 19, 2024, report from WVU Ophthalmology noted that Mr. Vossen reported no changes, and his corneal ulcer was improving.

On October 9, 2024, Mr. Vossen was deposed and he testified that on June 4, 2024, he was operating a scoop in an area where fresh air was blowing into his face and he had dirt, debris, and calcium in the scoop when a lot of dust hit him in the face and he got something in his right eye. Mr. Vossen stated that when he got home, his eye started to burn, and when he removed his contact, his eye began to water. Mr. Vossen testified that he thought his eye would be okay, but when he woke up the following day, his eye was swollen. Mr. Vossen testified that he went to MedExpress and then to Ruby Memorial Emergency Room to see an eye specialist. He indicated that he did not have any problems with his right eye before work on June 4, 2024, and that he has worn glasses since the third grade and contact lenses since the eighth grade. Mr. Vossen stated that he returned to work in September of 2024. He further testified that he has a blood vessel in his eye that needs

to be taken care of so he can get a cornea transplant, and that he cannot see in the right eye because scar tissue causes his vision to be blurry.

On January 23, 2025, the Board affirmed the claim administrator's order, which rejected the claim. The Board found that Mr. Vossen failed to establish that he sustained a right eye injury in the course of and resulting from his employment. Mr. Vossen now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Vossen argues that the evidence establishes that his right eye was injured in the course of a resulting from his employment when the wind blew dirt, coal dust, and calcium into his eye. Mr. Vossen further argues that the fact that the bacterium identified from the cultures taken from his right eye is known to be frequently found in dirt and soil establishes the causal connection between his injury and employment. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Here, the Board determined that the preponderance of the evidence does not support a finding that Mr. Vossen sustained a right eye injury in the course of and resulting from his employment. The Board noted that:

> [t]he medical records document that the claimant had a central corneal ulcer; that he admitted to wearing his contact lenses for an extended period and slept with them in his eyes for weeks at a time; that the Initial Ophthalmology Consult Note dated June 5, 2024, states that the claimant had poor contact lens hygiene; that Dr. Chen, in her report dated June 26, 2024, identified the foreign bodies removed from the claimant's right eye as blue fibrous bodies, which the doctor compared to fibers from a blue bed sheets; and that none of the ophthalmologists treating the claimant have stated that the claimant's right corneal ulcer was caused by debris getting into his eye at work.

Upon review, we conclude that the Board was not clearly wrong in finding that, based on the medical evidence, Mr. Vossen failed to establish that he suffered a right eye injury in the course of and resulting from his employment.[2] Mr. Vossen submitted a Report

---

[2] Although affirming the decision of the Board of Review, we want to emphasize its statutory duty under West Virginia Code § 23-4-1g(a) (2003) "to weigh the conflicting medical opinions in terms of 'relevance, credibility, materiality and reliability … in the context of the issue presented.'" *Workman v. ACNR Resources, Inc.,* __ W. Va. __, __, 916 S.E.2d 638, 643 (2025) (footnote and internal quotation marks omitted). In weighing the evidence, the factfinder is required to perform a complete analysis and "consider the entire record, clarify inconsistencies, and adequately explain [its] reasons for choosing one medical opinion over the other." *Id.* It is not enough to thoroughly recite the information submitted by the parties; it must conduct a "complete analysis" of the evidence and adequately explain the basis for its decision. *Id.*

The order below, although sufficient to survive appellate review, leaves much to be desired. First, it fails to make a credibility determination regarding the claimant's testimony about how he got dust in his eye at work. It also fails to weigh the medical evidence from the MedExpress visit, indicating that the claimant suffered an occupational injury caused by getting dust in his eye, against the ophthalmologist's reports, and finds that the ophthalmologist's reports outweigh the MedExpress report, without explaining why. Finally, the order below lists a finding by an ophthalmologist that two fibrous bodies removed from the claimant's right eye several days after his eye began to bother him were "possibly from blue bed sheets" as a basis for upholding its factual determination, without indicating what weight it might have given to this speculative opinion. Despite these failures of the Board of Review below, we cannot find that the Board was clearly erroneous in its determination that the claimant failed to prove by a preponderance of the evidence that a workplace incident caused the claimant's injury.

of Occupational Injury stating that his right eye ulcer was caused from a workplace injury. However, the medical evidence demonstrates otherwise. The Board correctly noted that Mr. Vossen's treatment records show that he had poor hygiene with his contact lenses, and that fibers resembling bed sheets were removed from the right eye.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

Accordingly, we affirm the Board's January 23, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White